# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:21-cv-00239-RJC-DCK

| | | |
|---|---|---|
| KATRICE R. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| BRINKER INTERNATIONAL, INC., | ) | |
| d/b/a Chili's Bar & Grill, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under Title VII of the Civil Rights Act of 1964. [Doc. 8].

Plaintiff Katrice R. Williams filed this Title VII employment discrimination action on May 20, 2021, naming Brinker International, Inc., d/b/a Chili's Bar & Grill, as the sole Defendant. [Doc. 1]. In her Complaint, Plaintiff alleged that in or about June 2019, Defendant discriminated against her on the basis of her race and color in terminating her employment, in denying her equal pay/work, and retaliating against her. [Id. at 4]. Plaintiff also alleges she was discriminated against based on "complaints of sexual harassment." [Id.]. Plaintiff makes no substantive allegations in support of these claims, [see, generally, Doc. 1], and no claim for relief in this action, [see id. at 5-6].

Plaintiff was issued a Notice of Dismissal and Right to Sue letter from the Equal Employment Opportunities Commission (EEOC) on February 20, 2021, in response to her Charge of Discrimination. [Doc. 1-1 at 1]. Inexplicably, Plaintiff attached medical records to her Complaint in this case related to treatment she apparently received for a gastrointestinal condition

in September 2019, after she was presumably terminated in June 2019.  [See Doc. 1-1 at 3-64, 98-103].  Plaintiff also attached employment records and emails that reflect and support non-discriminatory reasons for her presumptive termination.  [See id. at 65-97].  The Court granted Plaintiff's motion to proceed in forma pauperis and conducted its initial review.  [Docs. 2, 3].

On June 9, 2021, on initial review, the Court found that Plaintiff failed to state a claim upon which relief may be granted and allowed Plaintiff 30 days to amend her complaint.  [Doc. 3 at 3].  The Court specifically noted Plaintiff alleged no facts in support of her claims.  Plaintiff failed to timely amend her complaint, and, on July 29, 2021, the Court dismissed this action without prejudice.  [Doc. 4].  Nearly a month later, on August 23, 2021, Plaintiff moved the Court to re-open her case, arguing that she never received the Court's June 9, 2021 Order directing her to amend her complaint and that she "would never as for assistance and not follow through."  [Doc. 6].  On, September 2, 2021, the Court re-opened Plaintiff's case and ordered that Plaintiff must amend her complaint as provided in the Court's June 9, 2021 Order within 14 days or the action would be dismissed without prejudice.  [Doc. 7].  As such, Plaintiff had until September 16, 2021 to file an amended complaint.

On September 23, 2021, a week after the new deadline, Plaintiff filed an Amended Complaint.  [Doc. 8].  In her Amended Complaint, Plaintiff also names Amber LNU, identified as the General Manager, as a Defendant.  The Amended Complaint, however, is even more deficient than Plaintiff's original Complaint.  She makes similar general claims as in her original Complaint,[1] but still makes no factual allegations, despite the Court's admonitions, and seeks no relief.  [Id. at 4-5].  She attaches her Right to Sue Letter, but omits the other documents she attached

_____

[1] In her original Complaint, Plaintiff alleged the discriminatory acts occurred in June 2019.  [Doc. 1 at 4].  In her Amended Complaint, however, she alleges that they occurred between September 2019 and November 2019.  [Doc. 8 at 4].

to her original Complaint which the Court noted supported non-discriminatory reasons for her presumptive termination.  [See Doc. 8-1; Doc. 3 at 2].

The Court will dismiss Plaintiff's Amended Complaint on initial review for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2).  Because Plaintiff again fails to state a claim for relief after having been afforded the opportunity to amend her complaint, the Court will dismiss Plaintiff's Amended Complaint with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 8] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

Signed: September 28, 2021

Robert J. Conrad, Jr.
United States District Judge